# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **JUDY A. FINLEY,**<br>    Plaintiff,<br><br>v.<br><br>**INGLES MARKETS, INC.,**<br>    Defendant. | **Case No. 4:23-cv-714-CLM** |

## MEMORANDUM OPINION

Judy Finley ("Finley") sued Ingles Markets, Inc. ("Ingles") in the Circuit Court of Cherokee County, Alabama, seeking compensatory and punitive damages after a slip-and-fall incident at an Ingles supermarket. (Doc. 1-1). Ingles removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Finley then moved to remand, arguing that Ingles could not prove that the amount in controversy exceeds $75,000. (Doc. 4). For the reasons stated below, the court **DENIES** Finley's motion.

## BACKGROUND

As alleged in her amended complaint,[1] Finley was shopping at Ingles in Centre, Alabama on June 14, 2021. While pushing a shopping cart and approaching the check-out area, she slipped and fell next to an ice machine freezer. According to Finley, after the fall, she noticed her clothes were wet from a clear liquid on the floor. (Doc. 27, pp. 3-6).

Finley sued Ingles alleging (i) failure to adequately warn, (ii) failure to maintain the premises in a safe condition, (iii) creation of a hazardous

---

[1] When filing her original complaint, Finley inadvertently excluded pages containing the substance of Count III, as well as Counts IV-VI. (Doc. 1-1). Finley moved to amend her complaint to correctly reflect her claims as intended. (Doc. 25). Ingles did not oppose this motion. The court granted Finley's motion (doc. 26) and Finley filed an amended complaint containing all counts (doc. 27). So the court cites to "Doc. 27" when referencing facts from Finley's complaint.

condition, (iv) negligence, (v) wanton conduct, (vi) recklessness, (vii) willfulness, and (viii) failure to maintain a lookout. (Doc. 27). Finley alleged that, because of the fall, she suffered a "traumatic aggravation of a pre-existing right shoulder condition, a blunt and/or torquing injury to her lower back, traumatic aggravation of a pre-existing degenerative process in her low back, [and] injury and/or damage to other parts of her body." She also alleged that she had to undergo a "surgical procedure to her right shoulder" because of the fall. (Doc. 27, p. 4). In her prayer for relief, Finley stated:

> Plaintiff, Judy Finley prays that this Court will set this matter down for a trial by jury and upon the consideration of the evidence to be presented that plaintiff be awarded such **compensatory damages in excess of $25,000.00** as is reasonable, just and proper and, if appropriate under the standards and guidelines of Alabama law, **punitive damages**.

(Doc. 27, pp. 18-19) (emphasis added). Ingles removed the case to federal court on June 2, 2023, claiming diversity jurisdiction under 28 U.S.C. § 1332. Finley then moved to remand the case to state court. (Doc. 4). For the reasons stated below, Finley's motion to remand is due to be **DENIED**.

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[T]he burden of proving jurisdiction lies with the removing defendant." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Any doubts regarding removal should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

For a federal court to have diversity jurisdiction over a case, two requirements must be met: (1) the parties must be completely diverse, and (2) the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. Because the parties do not dispute complete diversity of citizenship, the only issue before the court is whether the amount in controversy exceeds $75,000.

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co.*, 269 F.3d at 1319. And, in "determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered ... unless it is apparent to a legal certainty that such cannot be recovered." *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009) (citing *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted)). In evaluating a claim for punitive damages for purposes of the amount-in-controversy requirement, the court may use "judicial experience and common sense." *Shepherd v. State Farm Fire & Cas. Co.*, No. 7:12-cv-0580-LSC, 2012 WL 3139752, at *3 (N.D. Ala. July 30, 2012) (Coogler, J.).

In its notice of removal, Ingles asserts that "the value of the relief the Plaintiff seeks exceeds $75,000, exclusive of interest and costs." (Doc. 1, p. 3). Finley disagrees, stating that "nothing can be derived from plaintiff's complaint . . . that the amount in controversy would exceed anything greater than $25,000.00." (Doc. 4, p. 3).

The total amount in controversy is not facially apparent from Finley's complaint as the only amount alleged is "such compensatory damages in excess of $25,000 . . . and, if appropriate . . . punitive damages." (Doc. 27, pp. 19-20). So we must consider Ingles's notice of

removal and evidence relevant to the amount in controversy, including Finley's claim for punitive damages, to determine whether jurisdiction is proper. *Williams v. Best Buy Co.*, 269 F.3d at 1319.

### 1. *Blackwell*'s Multiplier Approach for Punitive Damages

In its notice of removal (doc. 1), Ingles asks this court to follow *Blackwell v. Great Am. Fin. Res., Inc.*, 620 F. Supp. 2d 1289 (N.D. Ala. 2009). In *Blackwell*, the plaintiff sued an investment company alleging fraud, conspiracy, and wantonness, among other claims, where an elderly man's life savings were "syphoned away" through the purchase of annuities under the defendant's false pretenses. *Id.* at 1291. The plaintiff sought compensatory damages totaling $23,172.28, as well as punitive damages. *Id.* at 1290. Following removal, the plaintiff moved to remand for failure to prove the amount in controversy. *Id.* To determine whether the jurisdictional threshold was met, the *Blackwell* court used a 2:1 ratio for punitive damages:

> The compensatory damages claimed in the First Amended Complaint for the surrender charges total $23,172.28. That amount alone constitutes approximately one third of the jurisdictional minimum. When the punitive damages claims for what "may be awarded" are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of **slightly more than double** the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum. Such an amount for punitive damages is uncontroversially within the limits of the Due Process Clause.

*Id.* at 1291 (emphasis added). Using this approach (hereinafter "*Blackwell*'s multiplier approach"), the court was satisfied that the amount in controversy exceeded $75,000 and accordingly denied the plaintiff's motion to remand. *Id.* at 1292.

4

Finley notes that some courts have found *Blackwell*'s multiplier approach unpersuasive. *See Mustafa v. Market St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291-92 (M.D. Ala. 2012) (finding that *Blackwell*'s multiplier approach "fails to put the burden of proof on the removing party, ignores established precedent, and undermines the foundational principal that a federal court should construe its removal jurisdictional [sic] narrowly"); *see also Davidson v. Liberty Mut. Ins. Co.*, No. CA 16-0516-KD-C, 2016 WL 7428220, at *5 (S.D. Ala. Dec. 8, 2016), *report and recommendation adopted*, No. CA 16-0516-KD-C, 2016 WL 7427215 (S.D. Ala. Dec. 23, 2016) (citing *Mustafa*, 840 F. Supp. 2d at 1291; *Arrington v. State Farm Ins. Co.*, No. 2:14CV209-CSC, 2014 WL 2961104, at *7 (M.D. Ala. July 1, 2014); *Benton v. State Farm Fire & Cas. Co.*, No. 2:14CV77-CSC, 2014 WL 2002851, at *4-5 (M.D. Ala. May 15, 2014); and *Dean v. Sears, Roebuck & Co.*, No. CA 13-00487-C, 2014 WL 900723, at *6 (S.D. Ala. Mar. 7, 2014)).

Ingles responded with evidence that despite some courts not following *Blackwell*, others continue to follow and even expand upon it. *See Shepherd v. State Farm Fire & Cas. Co.*, No. 7:12-CV-0580-LSC, 2012 WL 3139752 (N.D. Ala. July 30, 2012) (applying a 2:1 punitive to compensatory damages ratio); *Larousse v. Hammond*, No. CV 1:18-00080-CG-N, 2018 WL 1956121 (S.D. Ala. Apr. 10, 2018), *report and recommendation adopted*, No. CV 18-0080-CG-N, 2018 WL 1952526 (S.D. Ala. Apr. 25, 2018) (applying a 3:1 punitive to compensatory damages ratio); *Snellgrove v. Goodyear Tire & Rubber Co.*, No. 4:13-CV-2062-VEH, 2014 WL 235367 (N.D. Ala. Jan. 22, 2014) (noting that evidence of compensatory damages must be present to calculate a constitutionally permissible punitive damages award); *Mid-S. Tax Credit Partners I v. Junkin*, No. 6:19-CV-496-RDP, 2019 WL 4277365, at *1, n.2 (N.D. Ala. Sept. 10, 2019); *Hawes v. Bailey*, No. 2:17-CV-01811-SGC, 2018 WL 2445688, at *3 (N.D. Ala. May 31, 2018); *Day v. Kia Motors Am., Inc.*, No. 2:16-CV-01028-JHE, 2017 WL 264459, at *3 (N.D. Ala. Jan. 20, 2017); and *Raspberry v. A.L. Smith Trucking, Inc.*, No. 2:16-CV-01187-JEO, 2016 WL 6833745, at *4 (N.D. Ala. Nov. 21, 2016).

5

While the court is not bound by *Blackwell*, the court finds that it is correct and persuasive here. Finley asks the court to award "such compensatory damages in excess of $25,000 . . . and, if appropriate . . . punitive damages." (Doc. 27, pp. 19-20). Let's assume the compensatory award exceeds $25,000 by the minimal amount of $1. If a jury awarded punitive damages at a 2:1 ratio, Finley's claim would be $75,003. A 2:1 ratio in a personal injury case is "uncontroversially within the limits of the Due Process Clause," and less than the amount some courts award. *Blackwell*, 620 F. Supp. 2d at 1291; *see also Larousse*, 2018 WL 1956121 (applying a 3:1 punitive to compensatory damages ratio).

In short, considering the compensatory damages, injuries, and conduct alleged in Finley's amended complaint, *see supra* p. 2, Ingles has produced sufficient evidence to show that the amount in controversy exceeds $75,000.

2. *Caldwell v. Williams*

In her motion to remand, Finley compares this case to this court's decision in *Caldwell v. Williams et al.*, No. 4:21-cv-563-CLM, 2021 WL 5416387 (N.D. Ala. Nov. 19, 2021). Like this case, *Caldwell* was a slip-and-fall case in which the plaintiff sought compensatory damages for her injuries (i.e., medical injuries including surgery, other medical pain and expenses, and emotional distress) as well as punitive damages. After the defendant removed the case to federal court, this court granted the plaintiff's motion to remand. This court reasoned that, although the plaintiff was seeking punitive damages, no allegations or evidentiary submissions revealed the specific amount of compensatory damages requested or provided any method of quantifying any of the plaintiff's past or expected costs. *Id.* at *4. But this case is different.

Here, Finley has alleged a *minimum* of $25,000.01 plus punitive damages. (Doc. 27, pp. 19-20). So, as Ingles correctly identifies, this case involves what it calls a "definitive compensatory damages anchor" that *Caldwell* lacks. As discussed in *Snellgrove*, "[w]ithout evidence of the compensatory damages at issue, this court cannot calculate a

6

constitutionally permissible amount of punitive damages which might be awarded." 2014 WL 235367, at *8. But as *Blackwell*, *Hawes*, *Larousse*, and collecting cases show, where a compensatory damages amount is present, courts can calculate a related and constitutionally permissible punitive damages award of 2:1 or even 3:1. So the court rejects Finley's argument that there is no support in her complaint that the amount in controversy "would exceed anything greater than $25,000." (Doc. 4, p. 3).

3. Refusal to Stipulate to More Than $75,000

Ingles also presented evidence that Finley refused to stipulate that the damages sought did not exceed $75,000. (Doc. 6, p. 9-10). This fact also favors Ingles, even though refusal to stipulate alone would not satisfy Ingles's burden. *Williams v. Best Buy Co.*, 269 F.3d at 1320; *see also Caldwell*, 2021 WL 5416387, at *3; *Sullins v. Moreland*, 511 F. Supp. 3d 1220, 1229 (M.D. Ala. 2021).

## CONCLUSION

For these reasons, the court **DENIES** Finley's motion to remand. (Doc. 4).

**DONE** and **ORDERED** on February 8, 2024.

*[signature]*

**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE