UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**JUDY A. FINLEY,**
    Plaintiff,

v.

**INGLES MARKETS, INC.,**
    Defendant.

Case No. 4:23-cv-714-CLM

## MEMORANDUM OPINION

Judy Finley slipped and fell at an Ingles grocery store. Finley sues Ingles Markets, Inc. ("Ingles") for negligence and wantonness (doc. 27), and Ingles moves for summary judgment on all claims. (Doc. 52). For the reasons stated within, the court **GRANTS** Ingles' motion for summary judgment.

### BACKGROUND

The background facts are either undisputed or read in the light most favorable to Finley as the nonmoving party. FED. R. CIV. P. 56; *see, e.g.*, *Warrior Tombigbee Transp. Co. v. M/V Nan Fung* 695 F.2d 1294, 1296 (11th Cir. 1983) ("All reasonable doubts about the facts should be resolved in favor of the non-movant.").

### I.   Finley's fall

Finley went to the Ingles Market in Centre, Alabama, to buy groceries around 8:00 a.m. While pushing her cart to check out, Finley slipped and fell near an ice bag freezer. When Finley fell, her cart fell too, causing the cart and groceries to land on top of her. Ingles' store employees immediately came to assist Finley. Soon after (8:03 a.m.), EMS paramedics were called to the scene. When EMS and store personnel helped Finley stand, Finley said that she felt her behind was wet. EMS personnel, however, felt the area with their hands and found no water.

Finley did not go to the hospital with EMS; she instead checked out and went home. The next day, Finley consulted a physician for her injuries.

## II.     Ingles' Safety Policies

A. <u>Managers' duties</u>: Ingles designates managerial employees as "in-store safety coordinators" who oversee daily safety measures, hold safety meetings with other employees, and train staff employees to ensure compliance with Ingles' safety procedures. (*Id.* at p. 10). Ingles also tasks managerial staff with performing store inspections, also known as the "store walk." A store walk entails an inspection of the entire store (internal and external), and is performed once a month by managerial staff, and quarterly by an Ingles corporate representative. (*Id.* at p. 11).

B. <u>Ingles' Store Sweep</u>: Another safety measure is the store sweep, which consists of "walking the store to make sure there's no slip and fall hazards" and "checking the area adjacent to the ice freezers for potential hazards." (Doc. 54, p. 9). Shortly before Finley entered Ingles around 8:00 a.m., Traci Crane (Ingles' Customer Service Manager) swept the store and completed this Store Sweep Log:

[Store Sweep Log image: Ingles Store Sweep Log with time columns 8AM, 10AM, NOON, 2PM, 4PM, 6PM, 8PM and rows 1–31, with handwritten initials in rows 1–14. Month/Year: 6/21, Store #: 601]

(Doc. 53-20). As noted, EMS was called at 8:03 a.m., just minutes after Crane filled out the log.

## JURISDICTION

Finley is a citizen of Alabama; Ingles is a citizen of North Carolina; and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1). The court therefore has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## STANDARD OF REVIEW

1. *Substantive law*: Because the court is sitting in diversity, it applies Alabama substantive law. *See Palmer & Cay, Inc. v. Marsh & McLennan Companies, Inc.*, 404 F.3d 1297, 1310 (11th Cir. 2005).

2. *Procedural law*: In reviewing a motion for summary judgment, the court views the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cuesta v. Sch. Bd. of Miami-Dade Cty.*, 285 F.3d 962, 966 (11th Cir. 2002). Summary judgment is appropriate when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). But where the evidence is merely colorable or not significantly probative, no genuine dispute of material fact exists, and summary judgment is appropriate. *Id.* at 249-50. Further, if the non-movant responds to the motion for summary judgment with just conclusory allegations, the court must enter summary judgment for the movant. *Peppers v. Coates,* 887 F.2d 1493, 1498 (11th Cir. 1989).

## DISCUSSION

Finley pleads eight counts in her Amended Complaint (doc. 27):

> Count I – Failure to Adequately Warn
>
> Count II – Failure to Maintain Premises in a Safe Condition
>
> Count III – Creation of a Hazardous Condition
>
> Count IV – Negligence
>
> Count V – Wanton Conduct
>
> Count VI – Recklessness
>
> Count VII – Willfulness
>
> Count VIII – Failure to Maintain a Lookout.

Counts I, II, III, IV and VIII are essentially premise liability claims. So the court starts by addressing all five counts with a single premise liability analysis.

## **Counts I, II, III, IV, VIII: Premise Liability Claims**

Under Alabama law, Finley must prove each of these elements to prove a claim against Ingles: (a) duty; (b) breach of duty; (c) causation; and (d) damages. *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002). The court assumes Finley was injured and focuses on the other three elements.

### A. Duty and Breach of Duty

1. *Applicable law*: "Under Alabama law, a premises owner's liability for injuries caused by the condition of the property turns on the legal status of the injured party." *Eaton v. Westrock Coated Bd., LLC*, 601 F. Supp. 3d 1206, 1210 (M.D. Ala. 2022); *see also Edwards v. Intergraph Servs. Co.*, 4 So. 3d 495, 500 (Ala. Civ. App. 2008). Finley, as a shopper, is an invitee, *Ex parte Kraatz*, 775 So. 2d 801, 803 (Ala. 2000), and both parties agree that Finley was Ingles' invitee when she fell.

A business owes its invitee a duty to "'use reasonable care and diligence to keep the premises in a safe condition, or, if the premises are in a dangerous condition, to give sufficient warning so that by use of ordinary care, the danger can be avoided.'" *Eaton*, 601 F. Supp. 3d at 1210 (quoting *McClurg v. Birmingham Realty Co.*, 300 So. 3d 1115, 1118 (Ala. 2020)). But the business is not the insurer of the safety of its invitees; the principle of *res ipsa loquitur* does not apply; and, no presumption of negligence arises from the fact that an invitee was injured. *Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 314 (Ala. 2000). Further, the invitee must prove that the business had actual or constructive notice of the dangerous condition that caused the invitee's injury before the business can be held responsible for the injury. *Dolgencorp, Inc. v. Hall*, 890 So. 2d 98, 100 (Ala. 2003). The invitee assumes the risk of injury from a danger on the premises that "the invitee was aware of or should be aware of in the exercise of reasonable care." *Tice v. Tice,* 361 So. 2d 1051, 1052 (Ala. 1978).

2. *Duty requires notice*: As explained, under Alabama law, Ingles had no duty to protect Finley from water on the floor if it had no actual or constructive notice that there was water on the floor. Notice can be shown in one of three ways: (1) that the dangerous condition had existed for enough time to impute constructive notice to the invitor; (2) that the invitor had actual notice of the dangerous condition; or (3) that the invitor was delinquent in not discovering and resolving the dangerous condition. *See Maddox By & Through Maddox v. K-Mart Corp.*, 565 So. 2d 14, 16 (Ala. 1990); *see also Cox v. W. Supermarkets, Inc.*, 557 So. 2d 831, 832 (Ala.1989); *and Richardson v. Kroger Co.,* 521 So. 2d 934, 935–36 (Ala. 1988). An invitor's delinquency can be shown where the store or one of its employees created the hazard, or where the evidence shows that a business' inspection procedures are inadequate or were performed inadequately on the day of the invitee's fall. *Knox v. United States*, 978 F. Supp. 2d 1203, 1209 (M.D. Ala. 2013) (citing *Dunklin v. Winn–Dixie of Montgomery, Inc.*, 595 So. 2d 463, 464 (Ala. 1992); *Nelson v. Delchamps, Inc.,* 699 So. 2d 1259, 1261 (Ala. Civ. App. 1997); and *Hale v. Kroger, Ltd. P'ship I*, 28 So. 3d 772, 783 (Ala. Civ. App. 2009)).

3. *Finley's burden*: Finley argues that, because Ingles created the hazardous condition through its deliberate placement of the ice freezer, she doesn't have to offer evidence that Ingles had notice of the hazardous condition. To support this assertion, Finley relies on *Dunklin v. Winn-Dixie of Montgomery, Inc.*, 595 So.2d 463, 465 (Ala. 1995). But the facts in *Dunklin* are very different from the facts here.

In *Dunklin*, the plaintiff slipped and fell in water while shopping in the produce section of defendant's store. The plaintiff provided testimony stating before her fall, she saw employees setting out vegetables with water on them. *Id.* at 465. And the plaintiff also provided evidence showing the vegetables were regularly washed and put out near where the fall took place. *Id.* The court found that the plaintiff presented substantial evidence showing the defendant created the hazard, so there was no reason to establish notice. But Finley fails to present evidence similar to the kind shown in *Dunklin*—*i.e.*, that an Ingles employee was handling water near the site of her fall before the fall. So the court finds *Dunklin* does not apply, and Finley must satisfy her Rule 56 burden of producing evidence that Ingles had or should have had notice.

4. *Finley's Evidence*: Finley presents no evidence that Ingles had or should have had notice of the alleged water substance on the store's floor. *See Clayton v. Kroger Co.*, 455 So. 2d 844, 845 (Ala. 1984) (holding that there was no genuine dispute of material fact as to whether the defendant had notice of the defective mat because there was no evidence that Defendant caused the mat to be wrinkled or knew that it was wrinkled, and no evidence that the mat had been wrinkled for an inordinate length of time). And she presents no evidence that Ingles caused the hazardous condition, other than asserting—without any supporting evidence—that Ingles placed the ice machine in a dangerous area. (Doc. 56, p. 25).

Finley offers no evidence that would prove or suggest how long water had been on the floor (assuming it was), making it impossible for a reasonable jury to determine whether the floor had been in that condition long enough to impute constructive notice to Ingles. *See Harding v. Pierce Hardy Real Est.*, 628 So. 2d 461, 463 (Ala. 1993). Ms. Crane's testimony

and safety check log shows that a safety check of the area was performed minutes before the incident occurred. Assuming Finley is correct that she slipped on water, it could be that the water appeared after the safety check, and before Finley slipped and fell, meaning that Ingles had no notice. Plus, the responding EMS attendants check the floor by hand and found no water *after* the fall, which further suggests Ingles had no notice of water *before* the fall. Without any evidence pointing to a time or reason that water appeared on the floor, all a jury could do is speculate, and "[s]peculation does not create a genuine issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (quoting *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931–32 (7th Cir.1995)).

—

Because Finley offers no evidence that Ingles had actual or constructive notice of water on the floor, there is no genuine issue of material fact about duty or breach of duty. The court will therefore grant summary judgment for Ingles on all premise liability claims. *See* Fed. R. Civ. P. 56(a); 56(e)(3).

### B. Causation

Ingles is also entitled to summary judgment on all premise liability claims because Finley fails to create a jury question on causation. To avoid summary judgment on causation, Finley must present evidence that would allow a reasonable juror to find that Ingles' negligence caused Finley's fall. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Logan v. Winn-Dixie Atlanta, Inc.*, 594 So. 2d 83, 84-5 (Ala. 1992). Speculation about the cause of a fall cannot create a jury question. *Giles v. Winn-Dixie Montgomery, LLC*, 574 F. App'x 892, 894 (11th Cir. 2014); *see also Ex parte Harold L. Martin Distrib. Co.*, 769 So. 2d 313, 315 (Ala. 2000) ("Alabama juries are not allowed to speculate as to the cause of an accident.")*; and Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987) (asserting that "[w]hen evidence points equally to inferences that are favorable and to inferences that are unfavorable to the moving party, the evidence lacks probative value; and the evidence may not be used to

support one inference over another because such use is mere conjecture and speculation").

Ingles argues that Finley relies solely on speculation that water on the floor caused her fall. Finley responds:

> A rational jury can and likely would conclude, on the basis of the evidence currently before the Court, that the water on the floor in front of the ice bag freezer machine was there **because** the ice bag freezer machine was located where it was. A rational jury could further conclude that Finley slipped and fell on the water **because** there was no runner and/or mat affixed in front of the machine that would serve to prevent the inevitable slick surface that does occur when water sits on a waxed white floor.

(Doc. 56, pp. 22-23). As you can see, Finley's rebuttal is premised on a speculative premise: Because a machine that freezes water was present, there must have been water on the floor. Finley presents no *evidence* that there was water on the floor near the ice bag machine. She relies on the juror to make the speculative leap.

1. "[T]he mere possibility that the negligence of defendant caused the injury without evidence thereof[] is not sufficient to carry the case to the jury, or to support a verdict." *Alabama Power Co. v. Bryant*, 146 So. 602, 604-5 (Ala. 1993). Further, when "the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause." *Id.* (citing *Carlise v. Cent. of G.R. Co.*, 62 So. 759, 760 (Ala. 1913)); *see also Ervin v. Excel Properties, Inc.*, 831 So. 2d 38, 45 (Ala. Civ. App. 2001) (explaining that although Plaintiff attributed her fall to an alleged faulty condition of the steps, her testimony established that she was not certain what made her fall, and summary judgment was therefore appropriate).

Like the plaintiff in *Ervin*, Finley was initially unsure what caused her fall. *See Ervin*, 831 So. 2d at 41–2. Immediately after the fall, Finley testified that she asked the following to helping bystanders:

> And when they got me up, I told them, I said, what happened here? I asked them, I said, what happened?

(Doc. 53-1, p. 16, 54:15-17). She then stated her behind felt "wet." It was not until EMS arrived that Finley definitively stated she slipped and fell due to a water substance on the floor. But as noted, EMS responders checked the area by hand and found no water.

2. Even if Finley created a fact question whether she slipped on water, and jurors are allowed to speculate that water came from the ice machine based on proximity, Finley presents no evidence that the condition was caused by Ingles' negligence. Nor does Finley offer evidence that would allow a reasonable juror to find that the ice machine was defective or that the water had been on the floor for a long time. Rather, she relies on after-the-fact speculation—an impermissible basis of evidence. *See Rosson v. Lowe's Home Centers, LLC*, No. 4:17-CV-01254-SGC, 2019 WL 1429172, at *4 (N.D. Ala. Mar. 29, 2019) (holding that Plaintiff's after-the-fact conclusion that a hole caused her fall amounted to speculation absent evidence the hole was present at the time of the fall). There is no evidence presented in the record constituting the condition of the floor at the time Finley fell, other than Ingles' log showing no hazard existed in the area.

—

In short, Finley has no evidence that would prove the cause of her fall. Finley wasn't even sure why she fell. All she has is speculation. Under Alabama law, the court cannot allow a jury to speculate about causation. *See D.A.C. By and Through D.D. v. Thrasher,* 655 So.2d 959, 961 (Ala. 1995) ("[W]hen the evidence leaves it uncertain as to whether the cause of the injury was something for which defendant was responsible, or something for which it was not responsible, there is a failure of proof, and the jury cannot be permitted to guess at the real cause. And the mere

9

possibility that the negligence of the defendant caused the injury without evidence thereof, is not sufficient to carry the case to the jury, or to support a verdict.") (quotation marks and citations omitted).

### Counts V, VI, VI: Wanton, Reckless, and Willful Claims

In her remaining claims, Finley alleges that Ingles wantonly, recklessly, and willfully allowed an unreasonably hazardous condition to remain on the floor accessible to its customers. (Doc. 27, pp. 15-17).

1. *Consciousness*: Like the premise liability claims, these enhanced-liability claims require proof that Ingles knew or should have known that Finley faced a danger. *See, e.g.*, *Ex parte Essary*, 992 So. 2d 5, 9 (Ala. 2007) (defining wantonness as "the conscious doing of some act or the omission of some duty while knowing of the existing conditions *and* being conscious that, from doing or omitting to do an act, injury will likely or probably result"). But as explained, Finley presents no evidence that someone associated with Ingles either (a) knew about the alleged water substance on the floor or (b) knew that someone walking in that area was likely to be injured. Ms. Crane testified that she did not see any hazardous conditions on the store floor minutes earlier. And Finley presents no evidence that anyone told Ingles' about a water substance on the floor before she slipped. So no reasonable juror could find that Ingles was conscious that an injury was likely to occur—even if that juror found that Ingles should have done more to prevent the fall from occurring. Ingles is thus entitled to summary judgment on Finley's wantonness-based claims. *See Wal-mart Stores, Inc. v. Thompson*, 726 So.2d 651, 653 (Ala. 1998) (reversing the denial of Walmart's motion for judgment because "management of that store had no information from which they could have known that an accident of the kind which occurred in this case was likely to happen").

2. *Causation*: Also as explained, even if Finley offered evidence that Ingles wantonly, willfully, or reckless put water on the floor, or allowed water to get on the floor, Finley fails to offer evidence that would allow a reasonable juror to find that water caused Finley to fall. Finley merely

10

speculates that she slipped because of water, which is not enough to create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(a); 56(c); 56(e)(3).

## CONCLUSION

For these reasons, the court **GRANTS** Ingles Markets' Motion for Summary Judgment, (doc. 52). The court will enter a separate order consistent with this memorandum opinion that closes this case.

**DONE** and **ORDERED** on August 1, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE